UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DESTINEY GRIFFIN,**
  **Plaintiff**

**VERSUS**

**WALMART, INC. AND**
**WALMART CLAIM SERVICES,**
  **Defendants**

**CIVIL ACTION**

**NO. 23-6851**

**SECTION: "E" (5)**

## ORDER AND REASONS

Before the court is a Motion to Remand filed by Plaintiff Destiney Griffin.[1] Defendants, Walmart Inc. and Walmart Claim Services Inc., filed an opposition.[2] Plaintiff filed a response.[3]

Plaintiff argues that Defendants failed to meet the requirements of 28 U.S.C. § 1446(a) and failed to comply with the Court's directive to supplement its Notice of Removal within the 30-day removal period.[4] Pursuant to 28 U.S.C. § 1446(a), which governs the procedure for removal of civil actions to federal court, a defendant desiring to remove any civil action from a state court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

---

[1] R. Doc. 12.
[2] R. Doc. 15.
[3] R. Doc. 20.
[4] R. Doc. 12-1, at p. 2.

1

A motion to remand on the basis of any defect other than a jurisdictional defect "must be made within 30 days after the filing of the notice of removal under section 1446(a)."[5] "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."[6]

In this case, Plaintiff argues the case should be remanded because the Defendants failed to file copies of the state court process, including all pleadings and orders, by November 27, 2023.[7] In its response, Walmart notes that it filed the required pleadings and orders, though late on November 29, 2023.[8]

This error does not require remand. Failure to file the required state court papers is a procedural defect that courts permit the removing party to cure.[9] "[C]ourts often allow removing defendants, or other parties, to cure failures to file with the district court all process, pleadings, and orders served upon the defendants in state court."[10]

In this case, Defendants have already cured their procedural defects by filing the missing documents and supplementing the record with new information.[11] Under these circumstances, when the defect already has been cured, the required information has been provided to the Court and the opposing party, and the case is otherwise removable, the defect in the notice of removal has no impact on jurisdiction. Therefore, the Court

---

[5] 28 U.S.C. § 1447(c).
[6] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[7] R. Doc. 12, at p. 1.
[8] R. Doc. 8.
[9] *Glenn v. Bitco Gen. Ins. Co.*, 21-1691, 2021 WL 5905641, at *1 (E.D. La. Dec. 14, 2021) (citing *James J. Flanagan Shipping Corp. v. Mediterranean Shipping Co., S.A.*, 499 F. Supp. 2d 710, 712 (E.D. Tex. 2007); *Maudlin v. Allstate Ins. Co.*, 757 F. App'x 304, 308 (5th Cir. 2018) (failure to file four documents were procedural defects, not requiring remand); *Ard v. HHF Beechgrove P'ship, Ltd.*, 16-16563, 2017 WL 991531, at *2 (E.D. La. Mar. 15, 2017) ("[R]emand based on [defendant's] failure to include a one page motion and order form state court is not appropriate.")).
[10] 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3739.2 (4th ed. 2021).
[11] R. Doc. 25.

declines to find the Defendants' tardiness in filing the required pleadings is a procedural defect necessitating remand.

**IT IS ORDERED** that the Motion to Remand is **DENIED**.

**New Orleans, Louisiana, this 26th day of January, 2024.**

                                                    **SUSIE MORGAN**
                                    **UNITED STATES DISTRICT JUDGE**